**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JET IMPORTS, LLC,

        Plaintiff(s),

v.

HJC I, LLC,

        Defendant(s).

2:11-CV-709 JCM (CWH)

**ORDER**

Presently before the court is defendant HJC I, LLC's motion for partial summary judgment. (Docs. # 37 & 38). Plaintiff Jet Imports, LLC has responded. (Doc. # 41). Plaintiff failed to meet the deadline to file its response and subsequently filed a motion for an extension of time. (*See* doc. # 39). The next day plaintiff filed its response. The court, finding good cause, considers plaintiff's response. Thus, plaintiff's motion for an extension of time (doc. # 39) is denied as moot.

**1. Factual Background**

Plaintiff, Jet Imports LLC d/b/a Life Is Tennis makes and sells women's tennis bags. These bags are patented under three patents; two design patents and a utility patent. The patent at issue in this motion, the utility patent, is patent number 7,395,930 B2 (patent '930) and was obtained in 2008.

In August 2008, Jet Imports, Inc.[1] assigned the patents to plaintiff and the assignment was recorded with the patent trademark office (PTO). Upon assignment, all confidential and proprietary information was transferred from Jet Imports, Inc. to plaintiff.

---

[1] Jet Imports, Inc. is not the same company as plaintiff, Jet Imports, LLC.

**James C. Mahan**
**U.S. District Judge**

From March 2007 to September 2007, Jet Imports, Inc. hired Heather Combs as an office manager. In this position, plaintiff claims Combs had access to and knowledge of Jet Imports, Inc.'s business information. After leaving Jet Imports, Inc., Combs formed HJC I, LLC, defendant in this matter. Defendant makes and sells women's tennis bags. Plaintiff contends that defendant "has designed, promoted, distributed, and sold certain tennis bags that utilize a design and functionality that is virtually identical to Plaintiff's patented designs." (Doc. # 1, ¶ 17). Plaintiff notified defendant of this alleged infringement and defendant continues to sell these bags.

On May 5, 2011, plaintiff brought this instant action against defendant for patent infringement. The parties briefed claim construction issues for all three patents and came to an agreement as the definitions for the relevant claims.[2] Following the briefing process, defendant filed a motion for partial summary judgment arguing that patent '930 was invalid due to the obviousness of several of the claims pursuant to 35 U.S.C. § 103. Plaintiff filed a response.

**2. Standard of Review**

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

Where a moving party's papers are insufficient to support a motion for summary judgment, or reveal a genuine issue of material fact, summary judgment is inappropriate. *Martinez v. Stanford*, 323 F.3d 1178, 1182-83 (9th Cir. 2003). At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence

---

[2] For the purposes of this motion, the court acknowledges the agreed construction for '930 claims 1, 2, 6, 10-15, and 19. (*See* doc. # 35, 2:35-12:27).

James C. Mahan
U.S. District Judge

- 2 -

1 of the nonmoving party is merely colorable or is not significantly probative, summary judgment may
2 be granted. *See id.* at 249–50.

**3. Discussion**

Defendant filed a motion for partial summary judgment on the basis that the "subject matter of claims 1, 2, 6, 10-15, and 19 of the '930 patent is taught or suggested by prior art and thus, these claims are invalid as obvious." (Doc. # 38, 3:24-25). The parties agree on the definitions of the claims at issue in defendant's motion for partial summary judgment. (*See* docs. # 33; 34, 1; 35, 2:13-14).

Patent '930, as a utility patent, focuses on the function of the bags. Thus, the claims at issue relate to the structure of the bags. Claim 1 shows an accessory compartment, an apex, a component to close the accessory compartment, a racquet compartment, and a carrying strap. (Doc. #1-4, 34-35). Claims 2, 6, 10, 13, 14, and, 19 are dependent on claim 1, meaning they incorporate all the limitations of the base claim and incorporate a feature to those limitations. (Doc. # 1-4, 35-36). Claim 2 shows a carrying strap with a support position, a padded portion, and loops coupling the padded portion to the support position. Claim 6 shows the racquet compartment having a generally truncated egg-shaped cross-section. Claim 10 shows a fence hook and a pocket to store the fence hook. Claim 13 shows a zipper extending within portions of both the first sidewall and the second sidewall. Claim 14 show a drawstring closure. Claim 19 shows a zipper extending from one side of the bag, over the top of the bag, to the other side of the bag. Claims 11 and 12 show a cooler compartment positioned in spaced relation to the racquet compartment of the bag with a pocket on the strap. Lastly, claim 15 shows an accessory compartment, an apex, a component to close the accessory compartment, a racquet compartment, and a carrying strap.

    a.    35 U.S.C. § 103(b) – Invalidity for obviousness

"A patent shall be presumed valid" and "[t]he burden of establishing in-validity of a patent or any claim thereof shall rest on the party asserting such invalidity." 35 U.S.C. § 282. "Because patents are presumed valid, a moving party seeking to invalidate a patent at summary judgment must submit such clear and convincing evidence of facts underlying invalidity that no reasonable jury

could find otherwise." *TriMed, Inc. v. Stryker Corp.,* 608 F.3d 1333, 1340 (Fed. Cir. 2010); *Microsoft Corp. v. i4i Ltd. P'ship,* 131 S.Ct. 2238, 2246 (2011). "This burden is especially difficult when the prior art was before the PTO examiner during prosecution of the application," *Hewlett-Packard Co. v. Bausch & Lomb Inc.*, 909 F.2d 1464, 1467 (Fed. Cir. 1990), this burden extends to references that are cumulative of those considered by the examiner, *Metabolite Laboratories, Inc. v. Lab. Corp. of Am. Holdings*, 370 F.3d 1354, 1368 (Fed. Cir. 2004).

Obviousness is a question of law with underlying factual issues. *See KSR Int'l Co. v. Teleflex Inc.,* 550 U.S. 398, 427 (2007). A patent shall not issue "if the differences between the subject matter sought to be patented and the prior art are such that the subject matter would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains." 35 U.S.C. § 103(a); *KSR,* 550 U.S. at 406–07. What a particular reference discloses is a question of fact, as is the question of whether there was a reason to combine certain references. *See McGinley v. Franklin Sports, Inc.,* 262 F.3d 1339, 1352 (Fed. Cir. 2001); *Para–Ordnance Mfg., Inc. v. SGS Imps. Int'l, Inc.,* 73 F.3d 1085, 1088 (Fed. Cir. 1995). Under the four-part test for obviousness detailed in *Graham v. John Deere Co. of Kansas City,* 383 U.S. 1, 17–18 (1966), the court must consider (1) the scope and content of the prior art; (2) the difference between the prior art and the claimed invention; (3) the level of ordinary skill in the art; and (4) any objective evidence of nonobviousness. *See also, Transocean Offshore Deepwater Drilling, Inc. v. Maersk Contractors USA, Inc.,* 617 F.3d 1296, 1303 (Fed. ftlineCir.2010); *see also Bayer Schering Pharma AG v. Lupin Ltd.*, 2:10-CV-01166-KJD, 2012 WL 1080296, at *13 (D. Nev. Mar. 30, 2012).

An invention "composed of several elements is not proved obvious merely by demonstrating that each of its elements was, independently, known in the prior art." *KSR,* 550 U.S. at 418. Rather, "it can be important to identify a reason that would have prompted a person of ordinary skill in the relevant field to combine the elements in the way the claimed new invention does," *id.,* although such a reason need not be explicitly stated in the prior art, *see id.* at 419; *see also Duramed Pharmaceuticals, Inc. v. Watson Laboratories, Inc.*, 413 F. App'x 289, 293 (Fed. Cir. 2011).

**James C. Mahan**
**U.S. District Judge**

- 4 -

      b.      Analysis

           i.      *Level of ordinary skill*

Defendant argues that features of the '930 patent would have been obvious to one of ordinary skill in the art. A determination of obviousness requires a factual finding of the level of ordinary skill in the pertinent art, 35 U.S.C. § 103(a). *Graham,* 383 U.S. at 17. "Factors that may be considered in determining the ordinary level of skill in the art include: 1) the types of problems encountered in the art; 2) the prior art solutions to those problems; 3) the rapidity with which innovations are made; 4) the sophistication of the technology; and 5) the educational level of active workers in the field." *Ruiz v. A.B. Chance Co.*, 234 F.3d 654, 666-67 (Fed. Cir. 2000) (citing *Custom Accessories, Inc. v. Jeffrey-Allan Indus., Inc.,* 807 F.2d 955, 962 (Fed. Cir. 1986).

Defendant has not provided the court with sufficient factual basis or argument to allow the court to find the ordinary skill in the art. While defendant states that features of the '930 patent would have been obvious to one of ordinary skill in the art, defendant does not provide *what* the ordinary skill in the art actually is. Instead, defendant extrapolates a level of skill from prior art as to particular elements challenged.

For example, defendant states that the ordinary skill in the art for the carrying strap in claim 1 is that "it was known to use hoops and loops which may be releasably, selectively, and interchangeably connected to produce various configurations for the straps connected to the hooks." (Doc. # 38, 9:22-10:1). Further, defendant states that the ordinary skill in the art for claim 10 is that "given the well know problem of hooks inadvertently snagging objects, a person of ordinary skill in the art would know to provide a pocket to hold the fence hook to prevent the fence hook from inadvertently snagging object." (Doc. # 38, 12:1-3).

Defendant does not provide any factual basis beyond the referenced prior art. While prior art is certainly relevant when determining the ordinary skill in the art, the court finds that without more, defendant has fallen short of meeting its burden. Thus, defendant has not offered clear and convincing evidence that a person of ordinary skill in the art would have thought patent '930 obvious.

**James C. Mahan**
**U.S. District Judge**

- 5 -

### ii.    Scope and content of prior art/difference between the claimed invention and the prior art

Defendant challenges patent '930 by identifying those claims that defendant believes demonstrate invalidity due to obviousness and then attacking individual elements of the claim. That is, defendant analyzed the teaching of each prior art reference in insolation. Among legal standards for determining *scope* and content of the prior art, for example, are: a prior patent must be considered in its entirety, i.e., as a *whole,* including portions that would lead away from the invention in suit, *W.L. Gore & Associates, Inc. v. Garlock, Inc.,* 721 F.2d 1540, 1550 (Fed. Cir. 1983), *cert. denied,* 469 U.S. 851 (1984); elements of separate prior patents cannot be combined when there is no suggestion of such combination anywhere in those patents, *ACS Hospital Systems, Inc. v. Montefiore Hospital,* 732 F.2d 1572, 1577 (Fed. Cir. 1984); and a court should avoid hindsight, *W.L. Gore & Associates, Inc.,* 721 F.2d at 1553; *see also Panduit Corp. v. Dennison Mfg. Co.*, 810 F.2d 1561, 1568 (Fed. Cir. 1987).

Defendant states that "[w]ith this background [demonstrated by the prior art], it is apparent that the level of skill in the art is more than adequate to combine the teachings in the prior art to produce the product recited in claim 1 and render claim 1 invalid." (Doc. # 38, 10:5-7). Although "it will often be necessary to look to interrelated teachings of multiple patents . . ." in order "to determine whether there was an apparent reason to combine the known elements in the way a patent claims," *id.* at 401, defendant did not show *how* the collective teaching of the prior art in light of the common sense and creativity of the person of ordinary skill in the art invalidates patent '930. *See KSR,* 550 U.S. at 419–21.

The conclusory fashion of defendant's analysis and the failure to provide a reason why or evidence that demonstrates why a person of ordinary skill in the art would have found the limitations obvious is insufficient to render patent '930 invalid as obvious.[3]

---

[3] Secondary considerations of non-obviousness must be considered when present. *Sud–Chemie, Inc. v. Multisorb Techs., Inc.,* 554 F.3d 1001, 1008 (Fed. Cir. 2009). Here, parties have not submitted any objective evidence of obviousness such as commercial success, long-felt need, and the failure of others. *Graham*, 383 U.S. at 17–18; *see also Geo. M. Martin Co. v. Alliance Mach. Sys. Int'l LLC*, 618 F.3d 1294, 1304 (Fed. Cir. 2010).

### 4. Conclusion

Based on the foregoing, the court finds that defendant's papers are insufficient to support a motion for summary judgment as to the invalidity of the disputed claims in patent '930. Thus, summary judgment is inappropriate. *See Martinez*, 323 F.3d at 1182-83.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant HJC I, LLC's motion for partial summary judgment (docs. # 37 & 38) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that plaintiff Jet Imports, LLC's motion to extend time (doc. # 39) be, and the same hereby is, DENIED as moot.

DATED October 1, 2012.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 7 -